IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN A. MARTINEZ,**

    **Petitioner,**

v.                                                                **Civil Action No. 1:19cv28**
                                                                             **(Judge Kleeh)**

**F. ENTZELL,[1] Warden,**

    **Respondent**.

## REPORT AND RECOMMENDATION

### I. Introduction

On February 28, 2019, the *pro se* petitioner, John A. Martinez ("Martinez"), an inmate then-incarcerated at FCI Hazelton[2] in Bruceton Mills, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a Bureau of Prisons ("BOP") disciplinary hearing in which he was sanctioned with the loss of Good Conduct Time ("GCT"). ECF No. 1. Along with his petition, Martinez filed a motion to exceed the page limits. ECF No. 2. On March 1, 2019, Martinez paid the $5 filing fee. ECF No. 4.

By Order entered August 20, 2019, the Respondent was directed to show cause why the writ should not be granted. ECF No. 8. On September 13, 2019, Respondent filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment with an attached memorandum in support. ECF No. 14. Because Petitioner was proceeding *pro se*, on September 17, 2019, a

---

[1] Frederick Entzel is no longer the Warden at FCI Hazelton. The current Warden at FCI Hazelton is Paul Adams. As such, pursuant to Fed. R. Civ. Pro. 25(d), Paul Adams, Warden, is automatically substituted as a party; the Clerk will be directed to correct the docket.

[2] Petitioner is now incarcerated at FCI Williamsburg in Salter, South Carolina.

Roseboro Notice was issued, advising Petitioner of his right to respond. ECF No. 15. Petitioner did not file a response in opposition.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

## II. Factual and Procedural History[3]

### A. Conviction, Sentence, and Direct Appeal

On September 8, 2005, Martinez and twenty others were charged in a fifty-count Indictment alleging that beginning in or about 1997 and continuing through the date of the indictment, they engaged in a conspiracy to possess with the intent to distribute cocaine, crack cocaine, and marijuana from sources of supply in Mexico and Texas for distribution in the Toledo, Ohio area. ECF No. 1. Martinez was also charged with possession with intent to distribute cocaine and cocaine base, and unlawful use of a communication facility. Id. The government filed an information pursuant to 21 U.S.C. § 851(a) providing notice to establish prior felony drug convictions for the purpose of sentencing enhancements for Martinez. ECF No. 381.

The matter proceeded to trial on May 9, 2006, and the jury returned guilty verdicts against Martinez on Counts 1, 2, 18, 42 and 46, with the following special findings: (1) Martinez conspired to possess with intent to distribute at least five kilograms of cocaine and less than 50 kilograms of marijuana (Count 1); and (two) Martinez possessed with intent to distribute at least 500 grams but less than 5 kilograms of cocaine (Count 2). ECF No. 418. The jury acquitted Martinez of Count 3, possession with intent to distribute crack cocaine.

---

[3] Unless otherwise noted, the information in this section is taken from Martinez's criminal docket available on PACER and all ECF numbers are from that case. See United States v. Martinez, No. 3:05-CR-781-JGC. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

Sentencing was held on September 8, 2006. Pursuant to an objection by Martinez, the Court reduced his criminal history category from IV to III. At the hearing, Martinez argued that his offense level should be set at 32 based on the quantity of drugs involved as determined by the jury. The Court agreed, concluding that an offense level of 32 "produces a guideline sentence which is both reflective of the drug level at an appropriate level as articulated by the jury, and the availability of a sentence sufficient but not greater than necessary to reflect the seriousness of the crime." ECF No. 544 at 9. Although Martinez also objected to the four-level leadership enhancement, that objection was overruled. After hearing arguments from the parties, Martinez was sentenced Martinez to 288 months imprisonment on Counts 1 and 2, and 96 months imprisonment on Counts 18, 42 and 46, all to be served concurrently, to be followed by 10 years of supervised release.[4] ECF No. 510.

Martinez timely appealed his conviction on September 20, 2006, arguing that the Court erred by failing to explain the basis for imposing the four-level leadership enhancement, and that such an enhancement was not supported by the facts. ECF No. 514. The Sixth Circuit disagreed, ruling that the District Court properly applied the four-level leadership enhancement to Martinez's recommended sentence. The Sixth Circuit held that the District Court did not treat the guidelines as mandatory following Booker, and therefore, committed no procedural error. United States v. Martinez, 302 F. App'x. 379, 2008 WL 509-9684 (6th Cir., Dec. 3, 2008) (No. 06-4295) (not published in the Federal Reporter).

Petitioner's anticipated Good Conduct Time release is December 1, 2023.[5]

---

[4] By Order entered April 20, 2015, the Petitioner's unopposed motion for sentence reduction pursuant to 28 U.S.C. § 3582(c)(2) was granted, and his sentence was reduced to 240 months. ECF No. 829.

[5] Martinez is scheduled to be released on December 1, 2023, according to the BOP's online inmate locator, FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last visited June 1, 2020).

### III. The Pleadings

A. The Petition

Petitioner contends that the BOP violated his due process rights when it charged him in a November 19, 2018 Incident Report (# 3193883) with a violation of BOP Offense Code 113, Possession of Drugs or Narcotics, because the evidence did not support the conviction. ECF No. 1-1 at 1. He avers that he was given two Incident reports, the first one said that the substance tested positive for amphetamine, but then the substances was tested twice more; the second time, it again indicated amphetamine, but the third time, it also tested positive for heroin. Id. He argues that therefore, this evidence is "inconsistent and therefore unreliable, and was insufficient to support a conviction." Id. at 2. Further, he contends that the Disciplinary Hearing Officer's ("DHO") report was not provided to him in a timely manner, because the disciplinary hearing was conducted on December 20, 2018 and he did not receive a copy of the report until February 21, 2019, "two months after the hearing [sic]," and "over 40 days past the 20 day deadline, which violates the Accardi[6] doctrine. ECF No. 1-1 at 1 – 2. Petitioner contends that among other things, he was sanctioned with the loss of 31 days of GCT. Id. at 2. Petitioner attaches copies of the Incident (s) and the DHO Report to his petition. See ECF Nos. 1-2, 1-3, and 1-4.

Petitioner admits that he did not exhaust his administrative remedies prior to filing suit, but argues that he was prevented from doing so by the BOP's delay in timely providing him with a copy of the DHO report. ECF No. 1 at 8.

As relief, Petitioner requests that the BOP vacate and expunge the DHO conviction for the violation; restore his GCT; recalculate his custody classification without the offense, and transfer him to an appropriate level facility. Id.

---

[6] The Accardi Doctrine provides that when an agency fails to follow its own procedures or regulations, that agency's actions are generally invalid. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954).

B. **Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment**

Respondent contends that the petition should be dismissed or summary judgment granted in its favor because

1) Petitioner failed to exhaust his administrative remedies regarding Incident Report # 3193883, and therefore, is precluded from filing this petition.

2) Petitioner's due process rights were not violated during the disciplinary process; he received the full panoply of due process protections to which he was entitled, as set forth in Wolff v. McDonnell.[7]

3) There was sufficient evidence to support the DHO's conclusion that Petitioner committee the offense as charged; Petitioner admitted the bags containing the substance, found during a routine search of his cell were his; and different testing kits can test substances differently, giving varying results when indicating positive tests; all that is required to satisfy due process is "if some evidence supports the decision . . . to revoke good time credits."

ECF No. 14-1 at 7 – 11. Attached to Respondent's memorandum in support are two sworn declarations and a number of exhibits. See ECF Nos. 14-2, 14-3, and 14-4.

### IV. Standard of Review

A. **Motion to Dismiss Fed.R.Civ.P. 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(l), a party may file a motion to dismiss for lack of jurisdiction over the subject matter. A plaintiff bears "the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss pursuant to Rule 12(b)(l), a court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (internal quotation marks omitted). A court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (internal quotation marks omitted). When a defendant asserts multiple defenses, "questions of subject matter jurisdiction must be

---

[7] Wolff v. McDonnell, 418 U.S. 539 (1974).

decided 'first, because they concern the court's very power to hear the case.'" Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999).

**B. Motion to Dismiss Fed.R.Civ.P. 12(b)(6)**

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); *see also* Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (applying the Twombly standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312 (4th Cir. 1995), *vacated on other grounds*, 517 U.S. 1206 (1996). In Twombly, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," id. at 555, upheld the dismissal of a Complaint where the plaintiffs did not "nudge[] their claims across the line from conceivable to plausible." Id. at 570. Although courts are to liberally construe *pro se* pleadings, *pro se* pleadings are not exempt from "Twombly's requirement that a pleading contain more than labels and conclusions." Giarratano, 521 F.3d at 304 n.5.

**C. Motion for Summary Judgment, Fed.R.Civ.P. 56**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed.R.Civ.P. 56(c); Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

A *pro se* party's pleadings are generally construed more liberally and held to a less stringent standard than pleadings drafted by an attorney. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, even under that deferential standard, this Court can "pierce the veil of a complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

## V. Analysis

7

A federal prisoner challenging a disciplinary proceeding under § 2241 must exhaust his administrative remedies prior to filing suit. See McCling v. Shearin, 90 F. Appx. 444, 445 (4th Cir. 2004). Moreover, the "[f]ailure to exhaust may only be excused upon a showing of cause and prejudice." Id.

With regard to disciplinary actions, the exhaustion of administrative remedies is initiated by first filing an appeal of the disciplinary action with the Regional Office within 20 days of receiving **written notification** of the disciplinary action. See 28 C.F.R. § 542.14(d)(2) (emphasis added). If unsatisfied with that response, the petitioner may file an appeal with the Central Office within 30 days of the date the Regional Director signed the response. Id. Where an appeal is rejected at the Regional Level and the inmate is not given the opportunity to correct the defect and resubmit, the inmate may appeal that rejection to the Central Office. See 28 C.F.R. § 542.17(c). The Central Office may affirm the rejection, may direct the submission be accepted at the lower level, or may accept the submission as filed. Id. "Appeal to the General Counsel is the final administrative appeal." See 28 C.F.R. § 542.15(a).

Here, Petitioner admits that he did not exhaust his administrative remedies with regard to the issues raised in his petition. Respondent avers the same, and attaches a copy of the sworn declaration of Howard Williams, Administrative Remedy Clerk for the BOP's Mid-Atlantic Regional Office, stating that a review of Petitioner's SENTRY Administrative Remedy Generalized Retrieval reveals that there is no evidence that Petitioner ever filed any administrative remedy over the Incident Report and associated disciplinary hearing at issue here. See Howard Williams Declaration, ECF No 14-4 at 2. While Petitioner attempts to lay the blame for his failure to exhaust on the BOP's delay in providing him with a copy of the DHO report, arguing that that prevented his appeal within 20 days of the DHO hearing, as

noted *supra*, the BOP exhaustion requirement in the context of disciplinary actions means that an inmate is required to "fil[e] an appeal of the disciplinary action with the Regional Office within 20 days of receiving **written notification** of the disciplinary action." See Bello v. Saad, 2019 WL 1246277, *3 (N.D. W.Va. 2019) (citing 28 C.F.R. § 542.14(d)(2)). Therefore, Petitioner was required to submit an appeal to the Mid-Atlantic Regional Office within 20 days *from the date he received* the DHO report. However, this he did not do. Accordingly, there is no dispute that the petitioner failed to exhaust his administrative remedies regarding his disciplinary proceeding.

Following a disciplinary hearing, BOP policy requires the DHO to provide the inmate with a written report. See 28 C.F.R. § 541.8(h). The requirement and procedures for the written report are as follows:

> (h) Written Report. You will receive a written copy of the DHO's decision following the hearing. The DHO is not required to prepare a verbatim record of the hearing. The DHO's written report will document the following:
>
> I. Whether you were advised of your rights during the DHO process;
> II. The evidence relied on by the DHO;
> III. The DHO's decision;
> IV. The sanction imposed by the DHO; and
> V. The reason(s) for the sanction(s) imposed.

As is apparent from these requirements, 28 C.F.R. 541.8(h) does not provide a time period for when the DHO's written report is to be provided to an inmate. However, BOP Program Statement 5270.09 provides that **ordinarily** the DHO gives the inmate a written copy of the decision and disposition within 15 working days after the DHO makes his/her decision. Therefore, the policy does not *mandate* that the inmate receive the report within 15 days or within any specified time. Accordingly, Petitioner's claim that the BOP failed to provide him with written findings of fact within the "20 day period," thereby failing to follow its own policy and preventing

9

his appeal demonstrates no violation of the Accardi Doctrine, and this petition is subject to dismissal for failure to exhaust.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF No. 14] be **GRANTED** and the petition [ECF No. 1] be **DENIED** and **DISMISSED with prejudice.**

Further, pursuant to Fed.R.Civ.P. 25(d), the Clerk of Court is **DIRECTED** to substitute Paul Adams for Frederick Entzel as the Respondent and current Warden at FCI Hazelton.

The parties shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Martinez by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record.

DATED: June 3, 2020

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE